BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1038

U.S. COURTS
AUG 15 2018
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEY PETORS ZAGORODNY,<br><br>Defendant. | Case No. CR 18-0256-S EJL<br><br>**INDICTMENT**<br><br>18 U.S.C. § 922(d), 924(d)<br>21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 853<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

### COUNT ONE

**Sale and Transfer of a Firearm to a Prohibited Person**
**18 U.S.C. § 922(d)**

On or about May 21, 2016, in the District of Idaho, the defendant, SERGEY PETORS ZAGORODNY, knowingly sold a firearm to a confidential human source, that is, one FMJ, Model DD, .45/410 Derringer pistol, bearing serial number C0-0013723, knowing and having

INDICTMENT - 1

reasonable cause to believe that the confidential human source had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

### COUNT TWO

**Distributing Cocaine**
**21 U.S.C. § 841(a)(1) and (b)(1)(C)**

On or about October 14, 2017, in the District of Idaho, the defendant, SERGEY PETORS ZAGORODNY, did knowingly and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

### CRIMINAL FORFEITURE ALLEGATION

**Drug Forfeiture**
**21 U.S.C. § 853**

Upon conviction of the offense alleged in Count Two of this Indictment, the defendant, SERGEY PETORS ZAGORODNY, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

    1.   <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate

INDICTMENT - 2

the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

      2.    <u>Substitute Assets</u>.  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

      a.    Cannot be located upon the exercise of due diligence;

      b.    Has been transferred or sold to, or deposited with, a third person;

      c.    Has been placed beyond the jurisdiction of the court;

      d.    Has been substantially diminished in value; or

      e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 14 day of August, 2018.

                                        A TRUE BILL

                                        */s/ [signature on reverse]*
                                        _____
                                        Foreperson

BART M. DAVIS
United States Attorney
By:

_____
Christian S. Nafzger
Assistant United States Attorney

**INDICTMENT - 3**